IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| STEVEN DUFAULT | PLAINTIFF |
| v. | CAUSE NO. 1:13CV462-LG-JMR |
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY and KEESLER FEDERAL CREDIT UNION | DEFENDANTS |

ORDER DENYING PLAINTIFF'S
MOTION TO REMAND AND FOR COSTS

**BEFORE THE COURT** is the Motion to Remand and for Costs [12] filed by Steven Dufault. Keesler Federal Credit Union has filed a response in opposition to the Motion that was joined by Hartford Life and Accident Insurance Company, as well as a Motion to Dismiss [9]. In these pleadings, Keesler argues it was improperly joined as a defendant in this lawsuit and that Dufault's claims against Keesler should be dismissed for failure to state a claim upon which relief can be granted. Dufault has not filed a reply in support of his Motion to Remand, and the time for doing so has expired. After reviewing the submissions of the parties and the applicable law, the Court finds that Dufault's Motion to Remand should be denied, and Keesler's Motion to Dismiss should be granted.

FACTS

In his Complaint, Dufault claims that Keesler sold him a life insurance policy issued by Hartford. The policy insured the life of Sue Dufault, who died on August 2, 2012, of complications resulting from the ingestion of a prescription medication. Dufault claims that Keesler was Hartford's agent, and that both defendants made

negligent misrepresentations concerning the coverage provided by the policy. Hartford denied Dufault's claim for coverage on February 5, 2013.

## DISCUSSION

28 U.S.C. § 1332 confers federal diversity jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the civil action is between citizens of different states. It is undisputed that the amount in controversy is satisfied in this case and that Dufault and Hartford are citizens of different states. The sole issue pending before this Court is whether the non-diverse defendant Keesler is improperly joined.

> The Fifth Circuit has explained:
>
> The improper joinder doctrine constitutes a narrow exception to the rule of complete diversity. *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005). "[T]he purpose underlying the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined." *Id.* Thus, "the focus of the inquiry must be on the joinder, not on the merits of the plaintiffs' case." *Id.* The burden is on the removing party; and the burden of demonstrating improper joinder is a heavy one. *See id.* (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999)). To establish improper joinder, the removing party must demonstrate either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (citing *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)).

*Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011). When determining whether a plaintiff has established a cause of action against a non-diverse defendant, this Court must consider "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against the in-

state defendant . . . ." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005). Courts generally conduct a Rule 12(b)(6)-type analysis, "looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573. However, in cases in which a plaintiff has misstated or omitted discrete facts that would determine the propriety of joinder, a court may pierce the pleadings and conduct a summary inquiry. *Id.* at 573-74. "[A] summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.*

In this case, a summary inquiry is necessary. Keesler has produced an affidavit signed by Jeffrey B. Gerard, its Chief Operations Officer. Gerard identifies two agreements by which Keesler permitted other companies to solicit its members in an attempt to sell life insurance. Gerard testifies that Keesler has no record of any communications with Dufault concerning the insurance policy at issue. He also states that Keesler did not sell the life insurance policy to Dufault or adjust Dufault's claim.

Dufault has not refuted the evidence and argument submitted by Keesler. The record before the Court demonstrates that Dufault has no possibility of recovery against Keesler because Keesler had no involvement in selling the policy or adjusting the claim at issue. Keesler merely permitted third parties to solicit its members.

## CONCLUSION

For the foregoing reasons, the Court finds that Keesler is improperly joined as a defendant to this lawsuit. Dufault's Motion to Remand must be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion to Remand and for Costs [12] filed by Steven Dufault is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the Motion to Dismiss [9] filed by Keesler Federal Credit Union is **GRANTED**. Steven Dufault's claims against Keesler Federal Credit Union are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the parties shall promptly notify the magistrate judge of this order and submit a proposed order lifting the stay that was entered in this matter on February 3, 2014.

**SO ORDERED AND ADJUDGED** this the 24th day of February, 2014.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE